# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Bethany Farmer,
Plaintiff

vs                           Case No. 1:06-cv-134-SJD-TSH
                                       (Dlott, J.; Hogan, M. J.)

Roger Fisher et. al.,
Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on defendants' motion to dismiss for lack of prosecution and for failure to appear. (Doc. 39). The motion is unopposed and should be granted for the reasons set forth more fully below.

Pro se plaintiff Bethany farmer initiated this action on March 13, 2006, with the filing of a complaint alleging medical malpractice and tortious interference with her relationship with her mother against three medical providers and an attorney. Upon notice to all parties, the Court conducted a scheduling conference on July 27, 2006, pursuant to Fed. R. Civ. P. 26. (Docs. 14, 24). Plaintiff failed to appear for the scheduling conference. (Doc. 24). Plaintiff likewise failed to appear for her properly noticed deposition on three separate occasions, despite a telephonic conference with the Court and a ruling from the undersigned that plaintiff make herself available for

deposition. (*See* Docs. 28, 29, 30, 31, 34 36). Plaintiff has failed to cooperate in discovery by failing to appear for her properly noticed deposition on no less than three occasions. In addition, plaintiff has failed to appear at properly noticed conferences before this Court on at least two occasions. (Docs. 24, 25, 37). In addition, she has failed to respond to the within motion to dismiss. As discussed below, dismissal of this action is clearly warranted.

A District Court may sanction a party who fails to cooperate in discovery in a variety of ways, including dismissal of the action. Fed. R. Civ. P. 37(b) and (d). The decision whether to dismiss a case for a party's failure to comply with discovery is within the Court's discretion. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990). Fed. R. Civ. P. 37(d) provides in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The Federal Rules of Civil Procedure further provide that:

> For failure of the plaintiff to prosecute or to comply with these rules or

any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

While the Court does not necessarily abuse its discretion by ordering dismissal as the first sanction for dilatory and contumacious conduct, *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 367 (6th Cir. 1997), because dismissal is the harshest and most drastic sanction available to the Court, it is the sanction of last resort. *Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 522 (6th Cir. 1994). Before such a sanction is invoked, the Court must consider the following four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the non-cooperating party has been warned that failure to comply with the Court's discovery order may lead to dismissal; and (4) whether the Court has considered or imposed less drastic sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

In the present case, the record demonstrates that pro se plaintiff's failure to cooperate in discovery is due, at a minimum, to her fault, if not willfulness and or bad faith. Defendants have clearly been prejudiced by plaintiff's lack of cooperation. They have endured inconvenience, expense, and wasted time and resources defending this action against a plaintiff who has failed to adhere to the procedural rules

3

governing civil suits in this Court. Moreover, plaintiff was warned by the undersigned that failure to appear for deposition could result in a recommendation that her case be dismissed. (Doc. 25). In this case, plaintiff's nonfeasance is not limited to her failures to cooperate in discovery. Plaintiff has also failed to comply with the notices and orders of this Court. Consequently, there is no basis to consider less drastic sanctions. Plaintiff's blatant disregard for the orders of this Court and the discovery rules warrants immediate dismissal of this action.

IT IS THEREFORE RECOMMENDED THAT defendants' motion to dismiss for failure to cooperate in discovery and for lack of prosecution be GRANTED and this case be DISMISSED WITH PREJUDICE from the docket of this Court.

_____
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Bethany Farmer,
    Plaintiff

vs                                          Case No. 1:06-cv-134-SJD-TSH
                                                             (Dlott, J.; Hogan, M. J.)

Roger Fisher et. al.,
    Defendants

# NOTICE

      Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 5/17/07. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

      In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Bethany Farmer<br>c/o Carolyn Jenkins<br>PO Box 18152<br>3131 Riggs Rd.<br>Erlanger, KY 41018 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1409 5857 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:06cv134 Doc.53