IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BETHANY FARMER, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:06cv134 |
| | : | |
| v. | : | Chief Judge Susan J. Dlott |
| | : | |
| ROGER FISHER, et al., | : | ORDER DENYING MOTION FOR |
| | : | RELIEF FROM JUDGMENT |
| Defendants. | : | |

This matter is before the Court on Plaintiffs' Motion to Vacate Order (doc. 62.) For the reasons that follows, the Court DENIES Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed this action *pro se* on March 13, 2006. Plaintiff resides in Europe and apparently had difficulty retaining an attorney to represent her. On September 15, 2006, Defendants moved to dismiss the case for lack of prosecution. On May 17, 2007, the Magistrate Judge issued a report and recommendation that Defendants' motion to dismiss be granted. Plaintiff did not file an objection to the Magistrate Judge's report and recommendation. On August 2, 2007, the Court adopted the Magistrate Judge's report and recommendation and dismissed the case with prejudice. Nearly a year later, on July 29, 2008, Plaintiff filed the instant motion to vacate the order dismissing her case. Her asserted grounds justifying the relief she seeks are that she thought she had retained an attorney in March 2007 and believed he would oppose Defendants' motion to dismiss. By letter dated April 24, 2007, the attorney notified Plaintiff that he did not regard himself as having been retained. Plaintiff, however, sent a monetary retainer to the attorney in two installments in July 2007, which were deposited into the

1

attorney's bank account on July 31, 2007.  This Court dismissed Plaintiff's case two days later.  The attorney has never entered an appearance in this case nor did he file any documents in this case.

II.     ANALYSIS

Although Plaintiff relies on the Ohio Rules of Civil Procedure in her motion, the Court will correctly apply the Federal Rules of Civil Procedure, which allow the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six reasons enumerated in Rule 60(b).  Plaintiff here moves for relief under the first prong, "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).

Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)).  In this case, Plaintiff claims she is entitled to relief because she relied on an attorney to protect her interests and he failed to do so.

The facts described by Plaintiff in her motion do not constitute mistake or excusable neglect under Rule 60(b)(1).  Plaintiff perhaps has suggested a claim for malpractice.  However, "claims of attorney error and legal malpractice foreclose an award of relief under Rule 60(b)(1).  *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 593 (6th Cir. 2002).  The failure to file a response to a motion is "inexcusable" and therefore does not support a motion to vacate for excusable neglect under Rule 60(b)(1).  *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984).

Neither was Plaintiff's motion timely filed under the circumstances. The rule requires that the motion must be made within a reasonable time, no later than one year from the time of judgment. Fed. R. Civ. P. 60(b). "The one-year period represents an extreme limit, and the motion will be rejected as untimely made if not made within a 'reasonable time' even though the one-year period has not expired." 11 Wright, Miller & Kane, Federal Practice and Procedure § 2866 (2008).

Plaintiff admits that she knew of the dismissal of her suit no later than September 3, 2007, and she retained new counsel on November 6, 2007. However, plaintiff then did not file her motion to vacate until July 29, 2008. Plaintiff gives no reason whatsoever for this delay, much less a good reason.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate (doc. 62) is DENIED.

IT IS SO ORDERED.

    s/Susan J. Dlott
Susan J. Dlott
Chief Judge, United States District Court